[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
This matter was commenced with a return date of January 14, 1997 demanding a partition of real estate located in Milford Connecticut which was jointly owned by the parties to the litigation. In addition, the plaintiff DelGrande requested an accounting and audit for expenditures made in connection with the maintenance and upkeep of the property.
On September 22, 1997, following appointment of a committee, the property was sold with the defendant being the highest bidder. The proceeds remaining after payment of committee expenses total $76,326.03.
The plaintiff claims that over the period from September 1995 to September 1997 she resided on the premises and made continuing payments in order to maintain the property. These payments consisted of mortgage payments, utilities, repairs; the usual payments incident to maintenance of the family house. The upstairs was rented for part of this period while the plaintiff continuously occupied the first floor as her residence. During this period, the defendant resided elsewhere, paid nothing towards the property upkeep, provided no services and received no part of the rental income. The plaintiff, by way of copies of bills and checks made in payment and introduced in evidence CT Page 3355 claims:
 $12,542.90 expenses $24,234.97 mortgage payments $ 3,210.00 management fees ---------- $39,987.87
As against these expenditures, the plaintiff offsets rent received from the tenant of $15,300.00 and the value of her occupancy calculated to be $16,800.00 for a total offset of $32,100.00.
Accordingly, she claims there is due to her in addition to an equal share of the $79,326.00, the amount of $7,887.87 representing the net amount due her for her payments made as outlined above, less her obligation for occupancy and plus her claimed management fee for a total of out of the sale proceeds of $43,607.03, leaving the remainder of $35,719.16 for the defendant as his share.
The defendant contends that certain expenses were unnecessary and that the rental owed by the plaintiff should be based upon $850/month for a period of 26 months or $22,100.00 as opposed to the plaintiff's computation which was based upon $700/month for 24 months. The expert offered by the plaintiff testified that the rental value of the first floor premises, which the plaintiff occupied, was $700-$725/month. The court finds a reasonable rental to be $725 and finds the plaintiff's occupancy to be for the period of 26 months for a total of $18,850.00. The plaintiff claims a management fee of 10% which is the percentage customarily charged according to her expert witness, but in this case the plaintiff herself resided on the premises. The court finds a reasonable management fee under these circumstances to be 5% of the combined rent:
 Tenant income $15,300.00 Plaintiff's rent $18,850.00 ---------- $24,150.00
Management fee at 5% 1,208.00
The court further finds that the credit due the plaintiff for mortgage payments (stipulated by counsel) is $24,234.97; that CT Page 3356 the payment for roof repair was in order as were the remainder of the payments made and documented by the evidence offered during the trial with the exception of the security deposit return of $850 made on October 30, 1995 which shall not be included as an allowable expense.
Additionally, the court does not credit the defendant for $525 claimed by him made for expenses incurred during a period when the plaintiff was absent from the premises.
Using the format outlined by the plaintiff in her Memorandum of December 29, 1997, the court makes the following adjustments to arrive at the amount due the parties from the proceeds of the sale of the jointly-owned premises:
Payments by Laura Delgrande
Maintenance/Utilities/Additional Expenses $12,542.90 — 850.00 ----------- $11,692.90
Mortgage Payments $24,234.97
Management Fee $ 1,208.00 -----------
Total $37,135.87
Credits
Rent received by Tenant $15,300.00
Rent from Laura Delgrande $18,850.00 -----------
Total $34,150.00
Credit to Laura Delgrande $37,135.87
 -$34,150.00 ---------- Total credit to Laura Delgrande $ 2,985.87
Remitted by Committee $79,326.20 CT Page 3357 Less monies to Laura Delgrande -$ 2,985.87 ---------- Remaining Funds $76,340.33 Divide in half to each party $38,170.17
Laura Delgrande $2,985.87 plus $38,170.17 = $41,156.04
Thomas Kucej $38,170.16 ---------- $79,326.20
Judgment may enter accordingly together with costs.
George W. Ripley Judge Trial Referee